IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 MAR 28  AM 9: 23
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | §  Civil Action No. § SA07CA0271 OG § § COMPLAINT |
| SAM S. MILLER, M.D., F.A.C.E., P.A., | §  JURY TRIAL DEMAND § |
| Defendant. | § |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation and to provide appropriate relief to Claudia Dangerfield and a class of similarly situated females who were adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission (the "Commission") alleges that Claudia Dangerfield and a class of similarly situated females were repeatedly, regularly and routinely subjected to unwelcome sexual conduct, including lewd sexual comments, jokes and innuendo, physical touching of a sexual nature, and prolonged leering, by Dr. Miller, in violation of Section 703(a) of Title VII and that Dr. Miller then retaliated against Claudia Dangerfield for complaining of harassment in violation of Section 704(a) of Title VII. In addition, the Commission alleges that Claudia Dangerfield was forced to quit her employment because her conditions of employment became intolerable due to the sexual harassment and retaliation.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3)

and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant, Sam S. Miller, M.D., F.A.C.E., P.A. (the "Employer"), has continuously been doing business in the State of Texas and the City of San Antonio, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Claudia Dangerfield filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2003, Defendant Employer engaged in unlawful employment practices at its San Antonio, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) including the following:

   a. Engaging in a pattern or practice of tolerating the repeated, regular and routine

sexual harassment of Claudia Dangerfield and a class of similarly situated females based on their sex, female, through unwelcome sexual conduct, including lewd sexual comments, jokes and innuendo, physical touching of a sexual nature, and prolonged leering;

b. Retaliating against Claudia Dangerfield for engaging in protected conduct by, among other things, constructively discharging her; and

c. Constructively discharging Claudia Dangerfield by making her conditions of employment so intolerable due to the sexual harassment and retaliation that she felt forced to resign.

8. The effect of the practices complained of in paragraph seven above has been to deprive Claudia Dangerfield and a class of similarly situated females of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex, female, and in retaliation for Ms. Dangerfield's opposition to such unlawful practices.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Claudia Dangerfield and a class of similarly situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and creating intolerable conditions that force employees to quit, or any other employment practice which discriminates on the basis of sex, female;

B. Grant a permanent injunction enjoining Defendant, Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any form of retaliation;

C. Order Defendant, Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities and a non-hostile work environment for females, and which eradicate the effects of its past and present unlawful employment practices;

D.   Order Defendant Employer to make whole Claudia Dangerfield, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Claudia Dangerfield or front pay in lieu thereof;

E.   Order Defendant Employer to make whole Claudia Dangerfield and a class of similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, relocation expenses, medical expenses and job search expenses, in an amount to be determined at trial;

F.   Order Defendant Employer to make whole Claudia Dangerfield and a class of similarly situated female employees, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, emotional pain and suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in an amount to determined at trial;

G.   Order Defendant Employer to pay Claudia Dangerfield and a class of similarly situated female employees punitive damages for its malicious and/or reckless conduct described in paragraph seven above, in an amount to be determined at trial;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____ (by Robert B Harwin with permission)
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

_____
ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia Bar No. 076083

_____ (by Robert B Harwin with permission)
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
e-mail: judith.taylor@eeoc.gov

_____
EDWARD JUAREZ
Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**